UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA

```
IN RE:                           )
                                 )   Chapter 7
HONEY CREEK CATTLE CO.,          )
                                 )   Bankruptcy No. 08-01398
     Debtor.                     )
-------------------------------- )--------------------------------
SHERYL L. SCHNITTJER, Trustee    )
                                 )   Adversary No. 09-09017
     Plaintiff,                  )
                                 )
vs.                              )
                                 )
CRESCO LIVESTOCK MARKET, INC.    )
                                 )
     Defendant.                  )
-------------------------------- )--------------------------------
SHERYL L. SCHNITTJER, Trustee    )
                                 )   Adversary No. 09-09018
     Plaintiff,                  )
                                 )
vs.                              )
                                 )
WAVERLY SALES COMPANY,           )
                                 )
     Defendant.                  )
-------------------------------- )--------------------------------
SHERYL L. SCHNITTJER, Trustee    )
                                 )   Adversary No. 09-09019
     Plaintiff,                  )
                                 )
vs.                              )
                                 )
SHELDON LIVESTOCK SALES, INC.    )
                                 )
     Defendant.                  )
-------------------------------- )--------------------------------
SHERYL L. SCHNITTJER, Trustee    )
                                 )   Adversary No. 09-09020
     Plaintiff,                  )
                                 )
vs.                              )
                                 )
DECORAH SALES COMMISSION, LLC    )
                                 )
     Defendant.                  )
-------------------------------- )--------------------------------
```

```
SHERYL L. SCHNITTJER, Trustee )
                              )       Adversary No. 09-09021
     Plaintiff,               )
                              )
vs.                           )
                              )
ROGER L. KOEDAM SFRL INC.     )
dba TRI STATE LIVESTOCK,      )
                              )
     Defendant.               )
----------------------------- )---------------------------------
SHERYL L. SCHNITTJER, Trustee )
                              )       Adversary No. 09-09029
     Plaintiff,               )
                              )
vs.                           )
                              )
FRANCIS VONDERHAAR, et al,    )
                              )
     Defendant.               )
```

**ORDER RE: MOTION FOR PARTIAL SUMMARY JUDGMENT**
**(AS TO 11 U.S.C. § 547(b) ELEMENTS)**

This matter came before the undersigned on June 5, 2009. Attorney Louis Ebinger appeared for Plaintiff/Trustee. Attorney Ronald Martin appeared for Defendants. After hearing arguments of counsel, the Court took the matter under advisement. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(F).

**STATEMENT OF THE CASE**

Trustee's complaint seeks to recover a preferential transfer. She moves for partial summary judgment on the § 547(b) elements. Trustee asserts facts are not in dispute and she is entitled to judgment as a matter of law. She argues she is entitled to the presumption that Debtor was insolvent.

Defendant argues there are genuine issues of fact regarding most of the elements of § 547(b). It states it is in the business of conducting livestock auctions and is subject to the Packers and Stockyards Act ("PASA"). Defendant asserts it was not a creditor of Debtor at the time of the transfer. Instead, Defendant earned commissions from sellers of cattle purchased by Debtor and held the sale proceeds paid by Debtor in trust for the sellers. Defendant asserts it was a "mere conduit" of the funds. Additionally, Defendant argues Debtor may not have been insolvent

at the time of the transfer. It asserts Trustee's motion is premature and ruling should be reserved until after the discovery deadline when all issues can be dealt with at once.

Trustee's reply asserts that Defendant is a "creditor" as evidenced by proofs of claims filed with the U.S. Department of Agriculture for Debtor's failure to pay for livestock purchased at auction. She argues the "mere conduit" argument gives rise to an affirmative defense, and does not undermine proof of the elements of § 547(b). Trustee argues Defendant has the burden to rebut the presumption of Debtor's insolvency and has failed to offer any proof in opposition.

## CONCLUSIONS OF LAW

A motion for summary judgment may only be granted when there are no material facts in controversy, and the moving party is entitled to a judgment as a matter of law. Fed. R. Bankr. P. 7056; Fed. R. Civ. P. 56(a). In considering a motion for summary judgment, the Court views the evidence in a light most favorable to the nonmoving party. In re Marlar, 267 F.3d 749, 755 (8th Cir. 2001). The moving party has the burden of showing that there is no genuine issue of material fact. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

Section 547(b) requires that in order for a transfer to be subject to avoidance as a preference, (1) there must be a transfer of an interest of the debtor in property, (2) on account of an antecedent debt, (3) to or for the benefit of a creditor, (4) made while the debtor was insolvent, (5) within 90 days (or one year for insiders) prior to the commencement of the bankruptcy case, (6) that left the creditor better off than it would have been if the transfer had not been made and the creditor had asserted its claim in a Chapter 7 liquidation. In re Interior Wood Prods. Co., 986 F.2d 228, 230 (8th Cir. 1993).

## ANALYSIS

Defendant denies that it was a creditor at the time of the alleged transfer and denies it was better off than if the transfer had not been made. It also alleges the record does not support a finding that Debtor was insolvent at the time of the transfer. The only element Defendant does not dispute is that the transfer occurred within 90 days prepetition.

Having reviewed the exhibits attached to Trustee's Motion and Reply and Defendant's Objection, the Court concludes that partial summary judgment is not appropriate at this time.

Defendant has raised issues of fact regarding most of the elements of § 547(b). If the issues relate more to Defendant's defenses than to Trustee's case in chief, it is more appropriate to allow all the facts to be fully discovered and the issues fully developed before granting summary judgment on a piecemeal basis.

**WHEREFORE**, Plaintiff's Motion for Partial Summary Judgment is DENIED without prejudice.

DATED AND ENTERED: June 17, 2009

_____
PAUL J. KILBURG
CHIEF BANKRUPTCY JUDGE